## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL HODGE** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **STATE FARM LLOYDS** | § | |

## NOTICE OF REMOVAL AND DEMAND FOR TRIAL BY JURY

Defendant STATE FARM LLOYDS, pursuant to 28 U.S.C. §§ 1441(a), 1332(a), and 1367(a), files this its Notice of Removal of suit from the 162nd Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and in support thereof would respectfully show the Court as follows:

1.     This is a civil action originally filed on June 9, 2016, and pending in the County Court at law No. 1 of Dallas County, Texas, Cause No. **CC-16-02923-A**, in which the Plaintiff is Michael Hodge and the Defendant is State Farm Lloyds, also named, at the time suit was filed was non-diverse Defendant, Tony Smith. (the "State Court suit").

2.     Attached as Exhibit "A" to this Notice of Removal and incorporated herein for all purposes are copies of Plaintiff's Original Petition filed on June 9, 2016; Defendant's Answer filed July 7, 2016; Plaintiff's Non-Suit of Tony Smith filed July 11, 2016; Notice Filing of Removal filed on or about July 19, 2016 and, Judge's Docket Sheet.  These papers constitute all processes, pleadings, and orders in the State Court at the time this Notice of Removal is filed.

3.     The Notice of Removal was filed in this Court within thirty (30) days after non-diverse Defendant Tony Smith was non-suited on July 11, 2016. Therefore, diversity is complete and removal is timely under 28 U.S.C. § 1446(b).

4.      Simultaneously with the filing of this Notice of Removal, Defendant has sent, by electronic filing and electronic service, written notice of the removal to Plaintiff's attorney of record, Matthew Zarghouni, Zar Law Firm, 7322 Southwest Fwy., Suite 1965, Houston, Texas 77074

5.      A notice of filing of removal, with a copy of the Notice of Removal previously attached, has been duly filed with the clerk of the County Court at Law No. 1 of Dallas County, Texas, for filing in the State Court suit.

6.      State Farm Lloyds (hereinafter referred to as "State Farm") at the time suit was commenced and at the time of removal, was and is an unincorporated association of underwriters, none of whom is now, or was at the time of this action, a citizen of the State of Texas.  Specifically, the underwriters of State Farm Lloyds are all natural persons who are residents and citizens of the State of Illinois.  Each underwriter is now, and was at the time this action commenced, citizens of the State of Illinois and of no other State.

7.      At the time of suit was commenced and at the time of removal, Michael Hodge resided in Dallas County, Texas.   He is a citizen of the State of Texas (herein referred to as "Hodge").   Complete diversity exists between Plaintiff and Defendant and complete diversity existed at the time Plaintiff filed his non-suit of named non-diverse Defendant, Tony Smith.

8.      The amount in controversy exceeds the sum of $75,000.

9.      Hodge's request for an award of damages against Defendant arises from his claim for benefits pursuant to a policy of insurance issued by State Farm to Hodge.

10. (a). Hodge made a claim for breach of contract. (Plaintiff's Original Petition . 29 and 30)

10. (b). In his lawsuit, Plaintiff alleges that State Farm violated the prompt payment of claims statute. (Plaintiff's original Petition II., 31, 32, 33, and 34.)

10. (c) Plaintiff alleges Defendant violated the unfair settlement practices/bad faith. (See Plaintiff's Original Petition III., 35, 36, 37 and 38.)

10. (d) Plaintiffs alleges Defendant violated many section of the Texas Insurance Code Section 542 (See Plaintiff's Petition, Count 1: No 34, 35, 36, and 37)

10. (e) Plaintiffs further alleges that State Farm breached the DTPA.   (See Plaintiff's Petition, paragraphs IV. 45, 46, 47, 48, 49, and 50.)

10. (f.) Plaintiff further alleges that State Farm breached the duty of good faith and fair dealing (Plaintiff's Original petition, V, No. 51. and 52.)

10 (g) Plaintiff further alleges he is entitled to attorney's fees.   (Plaintiff's Petition, VI, 53, 54, 55, and 56.)

11.    Given the breadth and gravity of Plaintiffs' allegations, State Farm has a good faith belief that the amount in controversy exceeds $75,000.00 exclusive of interest and Court costs pursuant to 28 U.S.C. 1332(a).   The amount in controversy necessarily includes (for jurisdictional purposes) claims for "general" and "special" damages and may also include punitive damages if recoverable, as a matter of law. Boelins v. Redman Homes, Inc., (5th Cir. 1984) 748 F.2d 1058, 1069; Watson v. Blankinship, (10th Cir. 1994) 20 F.3d 383, 386-387. Likewise, attorney fees are included in determining the amount in controversy. Clark v. National Travelers Life Ins. Co., (6th Cir. 1975) 518 F.2d 1167; Forte v. Southern Farm Bureau Life Ins. Co. (5th Cir. 1990) 918 F.2d 534. Therefore, it appears, from a good faith reading of the petition and allegations contained therein, that the Plaintiff's claims are more than the jurisdictional amount to a legal certainty. St. Paul Mercury Indem. Co. v. Red Cab. Co., (1938) 303 U.S. 283,

288-289, 58 S. Ct. 586, 590.

B.      Defendant further demands a trial by jury.

WHEREFORE, Defendant State Farm Lloyds prays that Cause No. CC-16-02923-A currently pending in the County Court at Law No. 1 of Dallas County, Texas, be removed to this Court for determination; that all other and further proceedings in the State Court be stayed, and that Defendant have all additional relief to which it may be entitled.

Respectfully submitted,

JANET K. COLANERI
State Bar No. 04527900

THE COLANERI FIRM, P.C.
1161 W. Corporate Drive, Suite 101
Arlington, Texas 76006
(817) 640-1588
(817) 640-1680 [Fax]
janet@colanerifirm.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, JANET K. COLANERI, do hereby certify that I have forwarded by electronic filing and electronic service a true and correct copy of the foregoing Notice of Removal has been served on counsel of record, as listed below on this 19 day of July , 2016.

Matthew Zarghouni
Zar Law Firm
7322 Southwest Fwy., Suite 1965
Houston, Texas 77074

JANET K. COLANERI

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL HODGE** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **STATE FARM LLOYDS** | § | |

<u>**DEFENDANT'S COVER SHEET AND INDEX OF STATE COURT FILINGS**</u>

COME NOW DEFENDANT, STATE FARM LLOYDS, pursuant to 28 U.S.C. § 1447 (b), and file this Index of State Court filings prior to removal to Federal Court on July 19, 2016 State Court records in the file are attached as follows:

1)  Plaintiff's Original Petition - filed June 9, 2016; and served on Defendant on June 16, 2016.

2)  Defendant's Original Answer – filed July 7, 2016.

3)  Plaintiff Motion of NonSuit of Tony Smith – filed July 11, 2016.

4)  Notice of Filing of Removal - filed July 19, 2016

5)  Judge's Docket Sheet.

Respectfully submitted,

JANET K. COLANERI
State Bar No. 04527900

THE COLANERI FIRM, P.C.
1161 W. Corporate Drive, Suite 101
Arlington, Texas 76006
(817) 640-1588
Fax: (817) 640-1680
janet@colanerifirm.com

ATTORNEYS FOR DEFENDANT

<u>DEFENDANT'S COVER SHEET AND INDEX OF STATE FILINGS</u>                    PAGE 1

DEFENDANT'S EXHIBIT
A
PENGAD-Bayonne, N.J.

## CERTIFICATE OF SERVICE

I, Janet K. Colaneri, do hereby certify that I have electronically filed and e-service a true and correct copy of the foregoing has been served on counsel of record as listed below on this _19th_ day of _July_, 2015.

Matthew Zarghouni
Zar Law Firm
7322 Southwest Fwy., Suite 1965
Houston, Texas 77074
(713) 333-5533
Fax: (832) 448-9149
matt@zar-law.com

sbn: 24086085

JANET K. COLANERI

8/9/2016 11:22:4...
JOHN,F. WAR ,
COUNTY CL
DALLAS COU

**CC-16-02923-A**

CAUSE NO. _____

| | | |
|---|---|---|
| **MICHAEL HODGE** | § | **IN THE COUNTY COURT** |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **TONY SMITH** | § | |
| | § | |
| *DEFENDANTS.* | | _____ **COUNTY COURT** |

---

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Michael Hodge ("Plaintiff"), and files this **Plaintiff's Original Petition** complaining of State Farm Lloyds ("State Farm") and Tony Smith ("Smith"), (or collectively, "Defendants"), and for cause of action, Plaintiff would respectfully show the following:

#### A. DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

#### B. PARTIES

2.    Plaintiff, Michael Hodge, is an individual residing in Dallas County, Texas at 1014 Wind Ridge Drive Duncanville, TX 75137-3726.

3.    Defendant, State Farm Lloyds ("State Farm"), is an insurance company doing business in Texas that may be served by serving its agent, Corporation Service Company at 211 E 7th St Ste 620, Austin TX 78701-3218.

1



4.     Defendant, Tony Smith, is an adjuster in the course and working scope of employment with State Farm. Smith can be served at the residential address listed with the Texas Department of Insurance: 1920 E Henderson, Cleburne Texas 76031. Plaintiff requests service at this time.

## C. JURISDICTION

5.     The Court has jurisdiction over State Farm because State Farm engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Dallas County, Texas, with reference to this specific case.

6.     The Court has jurisdiction over Smith because he is a resident of the State of Texas who engages in the business of adjusting insurance claims in the State and Texas, and the causes of action arise out of his business activities in the State of Texas, with reference to this specific case.

## D. VENUE

7.     Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

## E. CONDITIONS PRECEDENT

8.     All conditions precedent to recovery have been performed, waived, or have occurred.

## F. AGENCY AND *RESPONDEAT SUPERIOR*

9.     Whenever in this petition it is alleged that State Farm did any act or omission, it is meant that State Farm itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of State Farm or done in

the normal routine, course and scope of the agency or employment of State Farm or its agents, officers, servants, employees, or representatives.

## G. FACTS

10.     Plaintiff is a named insured under a property insurance policy 58-CG-V324-9 (the "Policy") issued by State Farm. The Policy insures, among other things, against losses from storm/tornado damage to Plaintiff's property, namely, the real property and improvements located at 1014 Wind Ridge Drive Duncanville, TX 75137-3726 (the "Property").

11.     On or about 5/12/2014 during the policy period, a storm caused covered damage to the Property. The storm caused extensive damage to the roof, ceilings and fence.

12.     Shortly after the storm, Plaintiff noticed damage to his home. Plaintiff contacted State Farm to notify State Farm of the damage.

13.     Plaintiff submitted a claim, 437H77060, to State Farm against the policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm/tornado.

14.     Plaintiff asked that State Farm honor its contractual obligations to cover the cost of repairs to Plaintiff's home.

15.     State Farm assigned Smith to adjust the Claim. Defendants, State Farm and Smith, conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. Smith failed to fully inspect any damage to the property.

16.     Despite obvious visible storm/tornado damage, Smith, on his own behalf and on behalf of State Farm verbally misrepresented to Plaintiff at the time of the inspection that the Property had minimal wind damage. Smith repeated this misrepresentation, again on his own

3

behalf and on behalf of State Farm, in a letter to Plaintiff dated 10/19/2015.

17.     Together, Defendants State Farm and Smith set out to deny properly covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

18.     Defendant State Farm failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the policy. All conditions precedent to recovery upon the policy have been performed by Plaintiff. State Farm's conduct constitutes a breach of the insurance contract between State Farm and Plaintiff.

19.     Even though Plaintiff's property sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy provided coverage to Plaintiff for some of the damage, thus falsely claiming Plaintiff's home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS.  CODE §542.060(a)(7).

22.     Defendants failed to offer Plaintiff a reasonable explanation for why his claim was being denied. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

23.     Defendant, State Farm, failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24.     Defendant, State Farm, failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.     Defendant, State Farm, has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for his claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26.     Since the time Plaintiff's claim was presented to Defendant State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, State Farm has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of State Farm's duty of good faith and fair dealing.

27.     All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiff.

28.     To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair his property, resulting in additional damages.

## H. CAUSES OF ACTION

I.   **BREACH OF CONTRACT (AGAINST State Farm)**

29.   Defendant State Farm had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. State Farm breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

30.   Defendant State Farm is therefore liable to Plaintiff for breach of contract.

II.   **PROMPT PAYMENT OF CLAIMS STATUTE (AGAINST State Farm)**

31.   The Claim is a claim under an insurance policy with Defendant State Farm, of which Plaintiff gave State Farm proper notice. State Farm is liable for the Claim.

32.   Defendant State Farm violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

33.   Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms State Farm reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the Claim following State Farm'S receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

34.   Defendant State Farm is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

III.   **UNFAIR   SETTLEMENT   PRACTICES/BAD   FAITH   (AGAINST   ALL DEFENDANTS)**

35.   Each of the foregoing paragraphs is incorporated by reference in the following.

36.   As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by

6

engaging in unfair settlement practices.

**DEFENDANT State Farm**

37.   Defendant State Farm engaged in unfair settlement practices by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after State Farm'S liability had become reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for State Farm's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

38.   Each of the aforementioned unfair settlement practices was committed knowingly by Defendant State Farm and was a producing cause of Plaintiff's damages. State Farm is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**DEFENDANT Smith**

39.   Defendant Smith was a contractor and/or adjuster assigned by State Farm to assist with adjusting the Claim. Smith was charged with investigating the Claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 486 (Tex. 1998).

40.   Smith was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

41.     Smith conducted a substandard, results-oriented inspection of the Property.

42.     As such, Smith failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

43.     Further, Smith misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Smith failed to provide Plaintiff with a reasonable explanation as to why Smith was not compensating Plaintiff for the covered losses, or the true value thereof.

44.     Thus, Smith engaged in unfair settlement practices by: misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after State Farm'S liability had become reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its adjuster's denial of a claim or offer of a compromise settlement of a claim; and/or failing to conduct a reasonable investigation of Plaintiff's Claim. Each of the aforementioned unfair settlement practices was committed knowingly by Smith and was a producing cause of Plaintiff's damages. Smith is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**IV.     DTPA (AGAINST ALL DEFENDANTS)**

45.     Each of the foregoing paragraphs is incorporated by reference here fully.

46.     At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

47.     Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

48.     Defendants represented the Policy confers or involves rights, remedies, or

obligations which it does not have, or involve, or which are prohibited by law; Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiff's claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

49.     As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

50.     Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

## V.     BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING AGAINST State Farm

51.     Defendant State Farm breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when State Farm knew or should have known liability was reasonably clear. State Farm'S conduct proximately caused Plaintiff

9

damages.

52.     Defendant State Farm is therefore liable to Plaintiff.

## VI.     ATTORNEYS' FEES

53.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

54.     Plaintiff is entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

55.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

56.     Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

## I. KNOWLEDGE

57.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff' damages described herein.

## J. DAMAGES

58.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59.     As previously mentioned, the damages caused by 5/12/2014 hailstorm/tornado and/or windstorm/tornado have not been properly addressed or repaired in the months since the Storm/tornado, causing further damages to the Property, and causing undue hardship and burden

to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

60. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

61. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

62. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

63. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the

preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## K. STATEMENT OF RELIEF AND DAMAGES

66.    As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seek pre-judgment and post-judgment interest at the highest legal rate.

## L. RESERVATION OF RIGHTS

67.    Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserve the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

## M. JURY DEMAND

68.    Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Dallas County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## N. REQUEST FOR DISCLOSURE

69.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 194.2.

## O. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff is justly entitled to.

Respectfully submitted,

**ZAR LAW FIRM**

_/s/Matthew M. Zarghouni_
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office:(713) 333-5533
Fax:(832) 448- 9149
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**

13

# THE STATE OF TEXAS
## CITATION
CAUSE NO. CC-16-02923-A
COUNTY COURT AT LAW NO. 1
Dallas County, Texas

TO:
STATE FARM LLOYDS
SERVE ITS AGENT: CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE ATTACHED, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 1 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

MICHAEL HODGE
*Plaintiff(s)*
vs.
STATE FARM LLOYDS AND TONY SMITH
*Defendant(s)*

filed in said Court on the 9th day of June, 2016a copy of which accompanies this citation.

WITNESS: JOHN F. WARREN, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 10th day of June, 2016 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____ , Deputy
Carla Davis

---

### ATTORNEY
## CITATION
PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE ATTACHED

CC-16-02923-A

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 1
Dallas County, Texas

MICHAEL HODGE, *Plaintiff(s)*

vs.

STATE FARM LLOYDS AND TONY SMITH, *Defendant(s)*

SERVE:
STATE FARM LLOYDS
SERVE ITS AGENT: CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

ISSUED THIS
10TH DAY OF JUNE, 2016

JOHN F. WARREN, COUNTY CLERK
BY: CARLA DAVIS, DEPUTY

Attorney for Plaintiff
MATTHEW ZARGHOUNI
7322 SOUTHWEST FWY,
SUITE 1965
HOUSTON TX 77074
713-333-5533

NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

DELIVERED
6/16/16
By DRC SCH 8114
Austin Process, LLC



CC-16-02923-A
CICI
ISSUE CITATION
1097316

# OFFICER'S RETURN

CC-16-02923-A  County Court at Law No. 1

MICHAEL HODGE vs. STATE FARM LLOYDS AND TONY SMITH

**ADDRESS FOR SERVICE:**
SERVE ITS AGENT: CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN TX 78701-3218

**Fees:**

Came to hand on the _____ day of _____, 20___, at _____ o'clock _____ .m., and executed in _____ County, Texas by delivering to STATE FARM LLOYDS in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE ATTACHED with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
| --- | --- | --- |
|  |  |  |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

Serving Petition and Copy    $ _____

Total    $ _____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____, Affiant

CAUSE NO. CC-16-02923-A

| | | |
|---|---|---|
| **MICHAEL HODGE** | § | **IN THE COUNTY COURT** |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS and** | § | |
| **TONY SMITH** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS, a Defendant in the above-styled and numbered cause and files its Original Answer, and for such would respectfully show the Court the following:

### I.

### SPECIAL EXCEPTIONS
#### A.
#### Breach of Contract

#### 1.

A petition in a cause of action for breach of contract must contain a short statement of the cause of action sufficient to give fair notice of the claim involved, including an allegation of a contractual relationship between the parties, and the substance of the contract which supports the pleaders right to recover. *See Cadle Co. v. Castle*, 913 S.W.2d 627, 631 (Tex. App.—Dallas 1995, writ denied). The plaintiff should plead all material terms of the contract upon which she is relying for recovery. *See Chuck Wagon Feeding Co., Inc. v. Davis*, 768 S.W.2d 360 (Tex. App.—El Paso 1989, writ denied). "Since no recovery can be had for a breach of contract that has not been pleaded, it is elementary that there should be an allegation of a contractual relationship and the petition must aver every material part of the contract with so much of it as essential to show the cause of action



specially set out; and the petition must show a breach of the contract by the defendant and is defective if it fails to do so." *Koenning v. Manco Corp.*, 521 S.W.2d 691, 695 (Tex. App.—Corpus Christi 1975, writ refused n.r.e.).

**2.**

Defendant specially excepts to Plaintiff's claims for breach of contract because:

- Plaintiff fails to allege the material terms of the contract;

- Plaintiff fails to allege sufficient facts to give notice of a breach of those terms; and

- Plaintiff fails to allege sufficient facts to give notice of the damages proximately caused by the breach.

**B.**
**Common Law Bad Faith**
**1.**

To prevail on a cause of action for "bad faith," the plaintiff must plead and prove that the insurer failed to pay the claim when it knew or should have known that liability was "reasonably clear." *United States Fire Ins. Co. v. Williams*, 955 S.W.2d 267 (Tex. 1997); *The Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997), *Lyons v. Miller's Casualty Ins. Co.*, 866 S.W.2d 597, 600 (Tex. 1993); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

**2.**

Defendant specially excepts to Plaintiff's cause of action for bad faith because:

- Plaintiff fails to plead sufficient facts to give fair notice of the factual basis for the claims, including facts showing why liability should have been reasonably clear.

---

## C.

## Texas Insurance Code, Chapter 542, Subchapter B--Prompt Payment of Claims Act

### 1.

An insurer's statutory duties are triggered under the Prompt Payment of Claims Act following receipt of a "notice of claim." *See* TEX. INS. CODE, sec. 542.055. The Act defines a "notice of claim" to mean "any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." *See* TEX. INS. CODE, sec. 542.051. Because the Act requires written notice to the insurer, the insurer's duties under the Act are not triggered by verbal notice. *See McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 207-208 (Tex. App.—Austin 2005, pet. denied); *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 810 (Tex. App.—Austin 1994, writ denied).

### 2.

Defendant specially excepts to Plaintiff's cause of action for violation of the Prompt Payment of Claims Act because:

- Plaintiff fails to plead sufficient facts to show that Plaintiff gave "notice of claim" or the person, time or manner in which notice was given so that Defendant has fair notice of the obligations and timelines under the Act that were triggered.

- Plaintiff fails to plead sufficient facts to show that Defendant was not in compliance with the Act after receiving notice of claim, or which provisions that Defendant failed to comply with.

**D.**

**Texas Insurance Code Chapter 541**

**1.**

Texas Insurance Code, section 541.151 authorizes a private action to a person who is caused actual damages by another person by engaging in an unfair or deceptive act or practice in the business of insurance as defined by section 541.060. *See* TEX. INS. CODE, sec. 541.151. The plaintiff must plead and prove that the damages were factually caused by the wrongful conduct. *See First American Title Co., of El Paso v. Prata,* 783 S.W.2d 697 (Tex. App.—El Paso, 1989, writ denied); *Crawford and Co. v. Garcia,* 817 S.W.2d 98 (Tex. App.—El Paso 1991, writ denied); *State Farm Fire & Cas. Co. v. Miller,* 713 S.W.2d 700 (Tex. App.—5th Dist. 1986, writ ref'd n.r.e.). The conduct must be a "producing cause" of the insured's damage. *See Provident Amer. Ins. Co. v. Castenada,* 988 S.W.2d 189, 193 n.12 (Tex. 1998) (distinguishing common law claims for bad faith, which require evidence of "proximate" rather than "producing" cause for statutory claims); *Wellisch v. United Services Auto. Assoc.,* 75 S.W.3d 53, 59 (Tex. App.—San Antonio 2002, pet. denied); *Nast v. State Farm Fire & Cas. Co.,* 82 S.W.3d 114, 121 (Tex. App.—2002, no pet.). As the Texas Supreme Court has explained, "A 'producing cause' is an act that is a substantial factor that brings about injury and without which the injury would not have occurred." *Trinity Univ. Ins. Co. v. Bleeker,* 966 S.W.2d 489, 491 (Tex. 1998).

**2.**

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations that Defendant violated section 541.060(a):

---

(1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff fails to allege sufficient facts that give fair notice of the misrepresentation, the person who made it, or when the misrepresentation was made; and

- Plaintiff fails to allege sufficient facts to give fair notice of the damages that were factually caused by the misrepresentation itself;

**3.**

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations that Defendant violated section 541.060(a):

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

(A)     a claim with respect to which the insurer's liability has become reasonably clear;

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff's allegations are insufficient to give fair notice of the facts that made liability reasonably clear.

**4.**

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations that Defendant violated section 541.060(a):

(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

Defendant specially excepts to Plaintiff's claims because:

---

- Plaintiff's allegations are insufficient to give fair notice of the facts of the damages that were factually caused by the alleged failure.

### 5.

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations that Defendant violated section 541.060(a):

(4) failing within a reasonable time to:

(A) affirm or deny coverage of a claim to a policyholder; or

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff fails to allege facts that would give fair notice of the basis for Plaintiff's claims that the length of time to affirm or deny coverage was unreasonable;

- Plaintiff's allegations are insufficient to give fair notice of the facts of the damages that were factually caused by the alleged failure.

### 6.

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations that Defendant violated section 541.060(a):

(5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff's allegations are insufficient to give fair notice of the facts showing that the investigation was unreasonable.

- Plaintiff's allegations are insufficient to give fair notice of the facts of the damages that were factually caused by the alleged failure.

**7.**

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations that Defendant violated section 541.060(a):

(7) Engaging in unfair claims settlement practices;

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff's allegations are insufficient to give fair notice of the facts showing that Defendant's engaged in unfair claims settlement practices.

- Plaintiff's allegations are insufficient to give fair notice of the facts of the damages that were factually caused by the alleged practices.

**E.**
**Texas Insurance Code, sec. 541.151 and DTPA**
**1.**

Texas Insurance Code, section 541.151 also authorizes a private action to a person who sustains actual damages caused by an act or practice that is specifically enumerated in <u>Section 17.46(b), Business & Commerce Code</u>, if the person bringing the action shows that the person relied on the act or practice to the person's detriment. *See* TEX. INS. CODE, sec. 541.151.

**2.**

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations that Defendant violated section 541.151 and the DTPA, sec. 17.46(b):

(2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff fails to allege sufficient facts that would give fair notice of the representation causing the confusion or misunderstanding, the person making it, or the manner or date when the representation was made;

- Plaintiff fails to allege sufficient facts that would give fair notice of the damages caused in reliance on the representation.

## 3.

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations that Defendant violated section 541.151 and the DTPA, sec. 17.46 (b):

(5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff fails to allege sufficient facts that would give fair notice of the representation, the person making it, or the manner or date when the representation was made;

- Plaintiff fails to allege sufficient facts that would give fair notice of the damages caused in reliance on the representation.

## 4.

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations that Defendant violated section 541.151 and the DTPA, sec. 17.46 (b):

(7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff fails to allege sufficient facts that would give fair notice of the representation, the person making it, or the manner or date when the representation was made;

- Plaintiff fails to allege sufficient facts that would give fair notice of the damages caused in reliance on the representation.

### 5.

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations that Defendant violated section 541.151 and the DTPA, sec. 17.46 (b):

(12)   representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff fails to allege sufficient facts that would give fair notice of the representation, the person making it, or the manner or date when the representation was made;

- Plaintiff fails to allege sufficient facts that would give fair notice of the damages caused in reliance on the representation.

### 6.

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations that Defendant violated section 541.151 and the DTPA, sec. 17.46 (b):

(24)   failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

Defendant specially excepts to Plaintiff's claims because:

- Plaintiff fails to allege sufficient facts that would give fair notice of the information that was not disclosed;

- Plaintiff fails to allege sufficient facts that would give fair notice of the damages caused in reliance on the representation.

## 7.

For the following reasons, Defendant specially excepts to Plaintiff's conclusory allegations that Defendant violated section Tex. Bus. & Comm. Code, sec. 17.50(a)(3):

- Plaintiff fails to allege sufficient facts that would give fair notice of the representation, the person making it, or the manner or date when the representation was made;

- Plaintiff fails to allege sufficient facts that would give fair notice of the damages cause in reliance on the representation;

- Plaintiff fails to allege sufficient facts that would give fair notice of how State Farm failed to properly investigate the Plaintiff's claim;

- Plaintiff fails to allege sufficient facts that would give notice of how State Farm unreasonably delayed the investigation and resolution of Plaintiff's claim.

## F.
## Fraud
## 1.

Fraud occurs when: (1) a party makes a material misrepresentation; (2) with knowledge of falsity or made recklessly without any knowledge of its truth and as a positive assertion; (3) made with intent that it be relied upon by the other party; (4) that the party actually relied upon it; and (5) that the party suffer injury as a result. *Trenholm v. Ratcliff,* 646 S.W.2d 927, 930 (Tex.1983); *Stone v. Lawyers Title Insurance Corp.,* 554 S.W.2d 183, 185 (Tex.1977); *State National Bank of El Paso v. Farah Manufacturing Co., Inc.,* 678 S.W.2d 661, 681 (Tex. App.—El Paso 1984, writ dism'd by agr.); *Beneficial Personnel Services of Texas, Inc. v. Rey,* 927 S.W.2d 157, 167 (Tex. App.-El Paso 1996) (noting same), *judgment vacated pursuant to settlement,* 938 S.W.2d 717 (Tex.1997).

**2.**

Defendant specially excepts to Plaintiff's cause of action for fraud because:

- Plaintiff fails to plead sufficient facts to give fair notice of the factual misrepresentation that was made, the person making it, or when it was made;

- Plaintiff fails to plead sufficient facts to give fair notice of the damages proximately caused by Plaintiff's reliance

**3.**

Fraud can be established through nondisclosure or omission, which may occur: (1) when a defendant conceals or fails to disclose a material fact within his knowledge; (2) the defendant knows the plaintiff is ignorant of the fact and does not have an equal opportunity to discover the truth; (3) the defendant intends to induce the plaintiff to take some action by concealing or failing to disclose the fact; and (4) the plaintiff suffers injury as a result of acting without knowledge of the undisclosed fact. *Holland v. Thompson,* 338 S.W.3d 586, 597 (Tex. App.—El Paso 2010, pet. denied).

Defendant specially excepts to Plaintiff's cause of action for fraud by omission because:

- Plaintiff fails to plead sufficient facts to give fair notice of the facts that Defendant had a duty to disclose, when they should have been disclosed, or who should have disclosed them;

- Plaintiff fails to plead sufficient facts to give fair notice of the damages proximately caused by Plaintiff's reliance on the non-disclosed facts.

**G.**
**Exemplary Damages**

An action on a contract does not by itself entitle a plaintiff to exemplary damages. *See Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994); *Jim Walter Homes, Inc.* 711

---

S.W.2d 617 (Tex. 1986).   Even if the insurer acts in bad faith, the insured is entitled only to compensatory damages. *See Moriel*, 879 S.W.2d at 18.   That is, even a tortious act is not of itself grounds for an award of exemplary damages. *See Moriel*, 879 S.W.2d at 18 (citing *Ware v. Paxton*, 359 S.W.2d 897, 899 (Tex. 1962).   As the Texas Supreme Court has explained, "Every tort involves conduct that the law considers wrong, but punitive damages are proper only in the most exceptional cases." *Id.*   An insurer is liable for punitive damages only when it has acted with gross negligence, or outrageous behavior, that was likely to involve an independent risk of "serious injury." *See id.* at 23.   An insurer's refusal to pay a claim cannot justify punitive damages unless the insurer "was actually aware that its action would probably result in extraordinary harm not ordinarily associated with breach of contract or bad faith denial of a claim"--such as financial ruin, serious injury, or death. *Id.*

Defendant specially excepts to Plaintiff's claim for exemplary damages because:

- Plaintiff fails to plead sufficient facts to give fair notice of any conduct that was likely to cause serious injury, death or financial ruin

## II.
## ORIGINAL ANSWER

Defendant enter a general denial in accordance with the provisions of Rule 92, Texas Rules of Civil Procedure.

## III.

## AFFIRMATIVE DEFENSES

### 1.

For further Answer, if further Answer be necessary, and without waiving any other defenses alleged herein and pleading in the alternative, Defendant alleges that Plaintiff's damages, if any, were proximately caused by prior events and damages for which Plaintiff was previously paid and existed before and unrelated to the occurrence in question.

### 2.

For further Answer, if further Answer be necessary, and without waiving any other defenses alleged herein and pleading in the alternative, Defendant alleges that Plaintiff failed to mitigate his damages, if any, and therefore, Plaintiff's failure to mitigate his damages should reduce his recovery, if any.

### 3.

State Farm contends that its contractual obligations are defined by the declarations, terms, condition and endorsement of policy #58-CG-V324-9, including, but not limited to the following: Contractual Claims.

COVERAGE A--DWELLING

LOSSES INSURED

We insure for accidental direct physical loss to property described in Coverage A, except as provided in SECTION I--LOSSES NOT INSURED.

\*\*\*\*

SECTION I--LOSSES NOT INSURED.

1. We do not insure for any loss to the property in Coverage A which consists of, or is directly and immediately caused by, one of the perils listed in item a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

      g.      wear, tear, marring, scratching, inherent vice, latent defect or mechanical breakdown.

      i.      wet or dry rot;

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraph 1. or 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

      a.      Conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

      b.      defect, weakness, inadequacy, fault or unsoundness in:

          (1)      planning, zoning, development, surveying, sitting;
          (2)      design, specifications, workmanship, construction, grading, compaction;
          (3)      materials used in construction or repair; or
          (4)      maintenance;

State Farm denies that any loss that would be accidental direct physical loss or that occurred during the policy period resulting from any cause other than one of the causes listed above, including, wear, tear, marring, scratching, inherent vice, and latent defect.

State Farm would further show the policy under which Plaintiff has brought this suit is subject to the following Loss Settlement Provisions and such provisions shall relieve this Defendant of liability or serve as a limitation on Plaintiff's damages if any:

SECTION I- LOSS SETTLEMENT

COVERAGE A-DWELLING

1. A1--Replacement Cost Loss Settlement--Similar Construction.

a. We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered in the Declarations, the damaged part of the property covered under SECTION I-COVERAGES, COVERAGE A--DWELLING, except for wood fences, subject to the following:

(1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

(2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

(3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, except as provided under Option OL-Building Ordinance or Law Coverage.

b. Wood Fences:  We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for Coverage A--Dwelling Extension

2.                      A2--Replacement Cost Loss Settlement--Common Construction.

a.          We will pay the cost to repair or replace with common construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered in the Declarations, the damaged part of the property covered under SECTION I-COVERAGES, COVERAGE A--DWELLING, except for wood fences, subject to the following:

(1) we will pay only for repair or replacement of the damaged part of the property with common construction techniques and materials commonly used by the building trades in standard new construction. We will not pay the cost to repair or replace obsolete, antique or custom construction with like kind and quality;

(2) ) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property as described in a.(1) above;

(3) when the repair or replacement is actually completed as described in a.(1) above, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

(4) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

(5) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, except as provided under Option OL-Building Ordinance or Law Coverage.

b.       Wood Fences:  We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for Coverage A--Dwelling Extension.

State Farm contends that, based on the Loss Settlement provisions set out above, Plaintiff's claims, if any, are limited to the actual cash value at the time of the loss to the damaged part of the property.

**4.**

State Farm would further show the policy under which Plaintiff has brought this suit is subject to the following Exclusion Provisions and such provisions shall relieve this Defendant of

liability or serve as a limitation on Plaintiff's damages if any:

> EXCLUSION OF COSMETIC LOSS TO METAL ROOF COVERINGS CAUSED BY HAIL
>
> The following is added to LOSSES NOT COVERED:
>
> We do not insure for cosmetic loss to metal roof coverings caused by hail.
>
> As used in this endorsement:
>
> 1.    cosmetic loss means only that loss that alters the physical appearance of the metal roof covering but does not result in the penetration of water through the metal roof covering or does not result in the failure of the metal roof covering to perform its intended function of keeping out the elements over an extended period of time.

State Farm contends that, based on the Exclusion of Cosmetic Loss provisions set out above, Plaintiff's claims are excluded as the damages to the roof in question was cosmetic only and did not result in water penetration and/or result in the failure of the roof covering.

## 5.

Pleading further, or in the alternative if such be necessary, Defendant would show that Plaintiff has a duty to segregate covered damages from damages resulting from normal wear and tear, inherent vice, and latent defect; however, Plaintiff failed to do so, and such failure shall relieve Defendant of liability or serve as a limitation on Plaintiff's damages if any.

## V.

## JURY DEMAND

Defendant respectfully request a trial by jury.

---

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds prays that this matter be set for hearing with notice to Plaintiff, and, upon hearing hereof, the Court grant Defendant's Special Exceptions, order Plaintiff to replead within 10 days from the date of the Court's Order, and, in the event that Plaintiff fails to amend as ordered, strike Plaintiff's claims without further action and allow them to form no part of any issue tried to the Court or the Jury. Defendant prays that upon final hearing hereof, Plaintiff take nothing of this suit against this Defendant and that this Defendant go hence with its costs.

Respectfully submitted,

JANET K. COLANERI
State Bar No. 04527900
janet@colanerifirm.com
MARCUS C. MARSDEN, JR.
State Bar No. 13014200
marcus@colanerfirm.com
THE COLANERI FIRM, P.C.
1161 W. Corporate Drive, Suite 101
Arlington, Texas 76006
Phone: 817-640-1588
Fax:  817-640-1680
ATTORNEYS FOR DEFENDANT STATE FARM

## CERTIFICATE OF SERVICE

I do hereby certify that I have forwarded by Facsimile, a true and correct copy of the above and foregoing **Defendant State Farm Lloyds' Original Answer** in this cause to the attorney for Plaintiff as listed below on this ___7th__ day of July, 2016.

Matthew Zarghouni
Zar Law Firm
7322 Southwest Freeway, Suite 1965
Houston, Texas 77074

Marcus C. Marsden, Jr.

CAUSE NO. <u>CC-16.02923-A</u>

| | | |
|---|---|---|
| **MICHAEL HODGE** | § | **IN THE COUNTY COURT** |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |
| | § | |
| **STATE FARM LLOYDS AND** | § | |
| **TONY SMITH** | § | |
| | § | |
| *DEFENDANTS.* | | _____**COUNTY COURT** |

### NOTICE OF NONSUIT WITHOUT PREJUDICE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, **MICHAEL HODGE**, pursuant to Texas Rule of Civil Procedure 162

and files this non-suit without prejudice of all causes of action asserted by Plaintiff against

Defendant, **TONY SMITH**, requesting the non-suit to be entered.

Respectfully submitted,

ZAR LAW FIRM

/s/Matthew M. Zarghouni
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office: (713) 333-5533
Fax: (832) 448- 9149

**ATTORNEY FOR PLAINTIFF**


DEFENDANT'S EXHIBIT
3

CAUSE NO. CC-16-02923-A

| | | |
|---|---|---|
| MICHAEL HODGE | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW No. 1 |
| | § | |
| STATE FARM LLOYDS | § | DALLAS COUNTY, TEXAS |

## <u>NOTICE OF FILING OF REMOVAL</u>

PLEASE TAKE NOTICE THAT Defendant State Farm Lloyds, has filed in the United States District Court for the Northern District of Texas, Dallas Division, a Notice of Removal of the above-styled Cause No. **CC-16-02923-A**, originally filed in this Court, and removed to the United States District Court for the Northern District of Texas, Dallas Division, and that a true and correct copy of said Notice of Removal is being filed with the clerk of the United States District Court, to thereby effect a removal to said District Court of the United States, and that the State Court shall proceed no further, unless the cause is remanded.  A copy of said Notice of Removal is attached to this Notice.

Respectfully Submitted,

JANET K. COLANERI
State Bar No. 04527900
janet@colanerifirm.com

THE COLANERI FIRM, P.C.
1161 W. Corporate Drive, Suite 101
Arlington, TX 76006
817/640-1588
Fax: 817/640-1680

ATTORNEYS FOR DEFENDANT



## CERTIFICATE OF SERVICE

I, JANET K. COLANERI, do hereby certify that I have forwarded by electronic filing and e-service a true and correct copy of the above and foregoing **Notice of Filing of Removal** in this cause to the attorney for Plaintiff as listed below on this _19_ day of _July_____, 2015.

Matthew Zarghouni
Zar Law Firm
7322 Southwest Fwy., Suite 1965
Houston, Texas 77074
(713) 333-5533
Fax: (832) 448-9149
matt@zar-law.com

sbn: 24086085

JANET K. COLANERI

## CC-16-02923-A - MICHAEL HODGE vs. STATE FARM LLOYDS, TONY SMITH

| | |
|---|---|
| Case Number: CC-16-02923-A | Court: County Court at Law No. 1 |
| File Date: 06/09/2016 | Case Type: DEBT/CONTRACT |
| Case Status: OPEN | |

PLAINTIFF : HODGE, MICHAEL
Address:
  1014 WIND RIDGE DRIVE
  DUNCANVILLE TX 75137-3726

Active Attorneys
  Lead Attorney:
  **ZARGHOUNI, MATTHEW**
  Retained
  Work Phone: 713-333-5533
  Fax Phone: 832-448-9149

DEFENDANT : STATE FARM LLOYDS
Address:
  SERVE ITS AGENT: CORPORATION SERVICE COMPANY
  211 E 7TH ST STE 620
  AUSTIN TX 78701-3218

Active Attorneys
  Lead Attorney:
  **MARSDEN, MARCUS C**
  Retained
  Work Phone: 817-640-1588
  Fax Phone: 817-640-1680

DEFENDANT : SMITH, TONY
Address:
  1920 E HENDERSON
  CLEBURNE TX 76031

06/09/2016 NEW CASE FILED (OCA)
06/09/2016 ORIGINAL PETITION
  CIVIL CASE SHEET
  CORRESPONDENCE
  ORIGINAL PETITION
  Comment: PETITION
06/09/2016 ISSUE CITATION
  ISSUE CITATION
  ISSUE CITATION
  Comment: BOTH (2) CITATIONS ARE PLACED IN ATTORNEY'S PICK UP BOX C. DAVIS
06/09/2016 JURY TRIAL DEMAND
06/10/2016 CITATION (SERVICE)
  Anticipated Server: ATTORNEY          Anticipated Method:
  Actual Server: PRIVATE PROCESS SERVER  Returned: 06/17/2016
  Anticipated Server: ATTORNEY          Anticipated Method:
06/17/2016 RETURN OF SERVICE
  SERVICE RETURN
07/07/2016 ORIGINAL ANSWER - GENERAL DENIAL
  DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER
  Comment: DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER
07/11/2016 MOTION - NONSUIT W/OUT PREJUDICE
  PROPOSED ORDER FOR NONSUIT
  MOTION FOR NONSUIT W/ OUT PREJUDICE



Case 3:16-cv-02088-N   Document 1   Filed 07/19/16   Page 45 of 45   PageID 45

| Comment: AS TO TONY SMITH ONLY

## 07/18/2016 ORDER - NONSUIT DISMISSAL W/OUT PREJUDICE

HODGE, MICHAEL
    Total Financial Assessment                                                  $346.00
    Total Payments and Credits                                         $346.00

| Date | Description | | | Amount |
|------|-------------|--|--|--------|
| 6/9/2016 | Transaction Assessment | | | $346.00 |
| 6/9/2016 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2016-06991 | HODGE, MICHAEL | ($346.00) |

CIVIL CASE SHEET
CORRESPONDENCE
ORIGINAL PETITION
ISSUE CITATION
ISSUE CITATION
SERVICE RETURN
DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER
PROPOSED ORDER FOR NONSUIT
MOTION FOR NONSUIT W/ OUT PREJUDICE